BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR 18 1977
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GENERAL TIRE AND RUBBER   )   DOCKET NO. 265
COMPANY SECURITIES LITIGATION   )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY*, JUDGES OF THE PANEL.

PER CURIAM

   This litigation consists of three actions each pending in a different federal district: the Eastern District of Pennsylvania, the District of New Jersey, and the Southern District of Ohio.

   These three actions (the private actions) were filed shortly after a related action was filed by the Securities and Exchange Commission (SEC) in the District of the District of Columbia on May 10, 1976. The SEC action was brought against General Tire and Rubber Company (General Tire) and its president, Michael G. O'Neil. The SEC alleged that officers and directors of General Tire and officers and directors of certain of its subsidiaries participated in a scheme of illegal corporate contributions to domestic political candidates and of illegal corporate payments to

---

*Judges Becker and Caffrey were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

foreign officials. Several specific instances of foreign payments are set forth in considerable detail in the SEC complaint. The SEC further alleged that the contributions and payments were concealed in violation of the federal securities laws by the issuance of false and misleading statements to stockholders and the SEC and by the falsification of corporate ledgers. A consent decree was entered in the SEC action through which General Tire and Michael O'Neil agreed to a permanent injunction prohibiting any future false or misleading statements by General Tire or future use of corporate funds for illegal purposes. The consent decree also required the Board of Directors of General Tire to establish a Special Review Committee and retain a Special Counsel to conduct an investigation into the matters of which the SEC complained. That committee was required to report its findings to the Board of Directors within 180 days, and a copy of the report was to be filed with the SEC and the court.

The three private actions are derivative actions each brought by a single named plaintiff on behalf of General Tire. The Southern District of Ohio action is also brought as a class action on behalf of all shareholders of General Tire. The private actions share five common defendants -- General Tire and four of its officers and directors. Also named in one or more of these actions are nine other present or former officers and directors of General Tire; two other corporations which are

wholly or partly owned subsidiaries of General Tire; four officers of those subsidiaries; Price, Waterhouse and Co., certified public accountants for General Tire during the events in question; and various unnamed recipients and disbursers of funds.

The complaints in all the private actions are brought under the federal securities laws, inter alia, and, in essence, the allegations in those complaints track the allegations in the SEC complaint. Like the complaint in the SEC action, the complaint in the District of New Jersey action sets forth specific instances of foreign payments in considerable detail. The complaints in the other two actions are less specific.

General Tire and all other defendants have moved the Panel pursuant to 28 U.S.C. §1407 to transfer the three private actions to the Northern District of Ohio for coordinated or consolidated pretrial proceedings. Plaintiff in the Eastern District of Pennsylvania action opposes transfer, or in the alternative suggests the Eastern District of Pennsylvania as the transferee district. Plaintiff in the Southern District of Ohio action also opposes transfer.

We find that the three private actions involve common questions of fact and that their transfer to the Northern District of Ohio for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience

-4-

of the parties and witnesses and promote the just and efficient conduct of the litigation.<u>1/</u>

Plaintiff in the Eastern District of Pennsylvania action admits that his action shares common questions of fact with the other two private actions. He contends, however, that this litigation involves only a minimal number of actions which do not share unusually complex facts, and that therefore transfer is inappropriate. He suggests, as an alternative to transfer, that voluntary cooperation among the parties can avoid any duplicative discovery efforts. Plaintiff in the Southern District of Ohio action argues that his action is inappropriate for coordination or consolidation with the other two actions because it is the only action which is brought as a class action as well as a derivative action. He contends that factual and legal issues will arise in the class claims which will not be shared by the derivative claims. If the action is transferred, he requests that the class claims not be consolidated with the derivative claims.

We find these arguments unpersuasive. An analysis of the complaints in these actions reveals that they share common factual questions concerning intricate events and methods of

---

<u>1/</u>After the Panel hearing on this matter, an apparently related action, Harry Lewis v. Michael G. O'Neil, et al., Civil Action No. C76-344, was filed in the Northern District of Ohio. Since that action is pending in the district we are herewith designating as the transferee forum for this litigation, the question of whether that action should be included in the coordinated or consolidated pretrial proceedings requires no action on the part of the Panel and should be considered in accordance with local rules. See Rule 10(a), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

operation and that these questions are sufficiently complex to warrant transfer under Section 1407.  Compare In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969) with In re Alodex Corporation Securities Litigation, 380 F. Supp. 790, 790-91 (J.P.M.L. 1974).  Though voluntary cooperation among the parties as a means of avoiding duplicative discovery is commendable, placing these actions under the control of a single judge will ensure that duplicative discovery on the complex factual questions will be prevented and have the salutary effect of eliminating the possibility of conflicting pretrial rulings.  See In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation, 424 F. Supp. 504, 506 (J.P.M.L. 1976).

We see no reason to exclude the class claims in the Southern District of Ohio action from the coordinated or consolidated pretrial proceedings because those claims are founded upon the same factual averments that are involved in the derivative claims asserted in all three private actions. The transferee judge, of course, is empowered to design a pretrial program that will accommodate the parties' interests on both the common issues and any unique issues presented by the class claims.  See In re Franklin National Bank Securities Litigation, 393 F. Supp. 1093, 1095 (J.P.M.L. 1975).  The degree and manner of coordination or consolidation between the class and derivative claims is entirely within the discretion

of the transferee judge. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384-85 (J.P.M.L. 1974).

On the basis of the record before us, the Northern District of Ohio is the most appropriate transferee forum for this litigation. Since the headquarters of General Tire is within that district, many of the relevant documents and witnesses, insofar as they are located in the United States, will be found there. See In re U. S. Financial Securities Litigation, 375 F. Supp. 1403, 1404 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Frank J. Battisti for coordinated or consolidated pretrial proceedings.

SCHEDULE A

DOCKET NO. 265

EASTERN DISTRICT OF PENNSYLVANIA

Mitchell A. Kramer v. The General Tire & Rubber Co., et al      Civil Action No. 76-1525

DISTRICT OF NEW JERSEY

David Cohn, etc. v. John O'Neil, et al.      Civil Action No. 76-1006

SOUTHERN DISTRICT OF OHIO

Alter Milberg, etc. v. General Tire & Rubber Co., et al.      Civil Action No. C-1-76-323